# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Steven L. Winston<br> *Plaintiff*<br><br>v.<br><br>Diversified Consultants, Inc.<br> *Defendant*<br>Serve:<br> Incorp Services, Inc.<br> 828 Lane Allen Road<br> Suite 219<br> Lexington, KY 40504<br><br>LVNV Funding, LLC<br> *Defendant*<br>Serve:<br> Corporation Service Company<br> 2711 Centerville Road<br> Suite 400<br> Wilmington, DE 19808<br><br>Midland Funding, LLC<br> *Defendant*<br>Serve:<br> CSC-Lawyer's Incorporating<br>  Service Company<br> 421 W. Main<br> Frankfort, KY 40601<br><br>West Asset Management, Inc.<br> *Defendant*<br>Serve:<br> CSC-Lawyer's Incorporating<br>  Service Company<br> 421 W. Main<br> Frankfort, KY 40601 | Case No.  3:14-cv-00268-JGH |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking damages for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Like many of his fellow citizens, Plaintiff Steven Winston fell on hard economic times as a result of the Great Recession that began in 2008 with the mortgage crisis and near collapse of the country's banking system. As a result, Mr. Winston fell behind on some of his debts. Since the economic collapse, Mr. Winston has slowly righted his financial ship and has been for some time trying to clear up his credit.

3. Mr. Winston recently used the Fair Credit Reporting Act's dispute process to clean some disputed items off of his credit report. Through counsel, he sent dispute letters to Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Trans Union, LLC concerning false information reported by Defendants Diversified Consultants, Inc. ("Diversified"); LVNV Funding, LLC ("LVNV"); Midland Funding, LLC ("Midland"); and West Asset Management, Inc. ("West Asset"). The false information was removed from Mr. Winston's consumer credit reports as a result of these dispute letters.

4. Defendant debt collectors violated the FDCPA by falsely representing the character, amount, or legal status of debts allegedly owed by Mr. Winston and by furnishing false credit information concerning Mr. Winston to one or more consumer reporting agencies.

### JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, FDCPA, 15 U.S.C. §1692k(d), and 15 U.S.C. § 1681p.

### PARTIES

6. Plaintiff Steven Winston is a natural person who resides in Jefferson County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

7. Defendant Diversified Consultants, Inc. ("Diversified") is a Florida corporation, with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, FL 32256. Diversified has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth, and/or collecting debts on behalf of other creditors and debt collectors.

8. Diversified is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and is a "furnisher" and "user" of information within the meaning of the Fair Credit Reporting

Act ("FCRA").

9. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, with its principal place of business located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187. LVNV has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth, and/or collecting debts on behalf of other creditors and debt collectors.

10. LVNV is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and is a "furnisher" and "user" of information within the meaning of the FCRA.

11. Defendant Midland Funding, LLC is a foreign limited liability company, which has registered with the Kentucky Secretary of State. Midland is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. Midland's principal place of business is located at 3111 Camino del Rio North, Suite 1300, San Diego, CA 92108.

12. Midland regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6) and is a "furnisher" and "user" of information within the meaning of the FCRA.

13. Defendant West Asset Management, Inc. ("West Asset") is a foreign corporation, which has registered with the Kentucky Secretary of State. West Asset is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. Midland's principal place of business is located at 7171 Mercy Rd, Omaha, NE 68106.

14. West Asset regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6), and is a "furnisher" and "user" of information within the meaning of the FCRA.

**STATEMENT OF FACTS**

15. For some time, Mr. Winston has been monitoring his consumer credit reports from Equifax, Experian, and Trans Union on a regular basis in an attempt to improve his credit and credit score.

16. Mr. Winston discovered several incorrect items on his reports.

17. Mr. Winston disputed these items, but the items remained on his reports.

18. Mr. Winston recently contacted counsel to assist him in improving his credit.

19. Counsel sent dispute letters to Equifax, Experian, and Trans Union on Mr.

Winston's behalf.

20. As result of counsel's dispute letters, Experian, and Trans Union deleted the disputed negative information furnished by Diversified, LVNV, Midland, and West Asset.

21. On January 13, 2014, Mr. Winston requested and reviewed his consumer credit report from Experian Information Solutions, Inc.

22. Mr. Winston's January 13th Experian consumer credit report included negative credit information furnished by all four Defendants in this case.

23. On January 19, 2014, Mr. Winston requested and reviewed his consumer credit report from Trans Union, LLC.

24. Mr. Winston's January 19th Trans Union credit report included negative information provided by all four Defendants in this case.

25. Defendants furnished negative credit information concerning Mr. Winston to one or more consumer reporting information for purposes of collecting a debt from him within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

## I.  Facts Relating to Diversified Consultants, Inc.

26. Mr. Winston's January 13th Experian consumer credit report includes an item of negative credit information furnished by Diversified.

27. Mr. Winston's January 19th Trans Union consumer credit report also includes the same item of negative information furnished by Diversified.

28. Diversified's negative information concerns a debt Mr. Winston originally owed to AT&T in connection with telecommunication services.

29. Mr. Winston used his AT&T account for personal, family, or household purposes, which makes the AT&T debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

30. Diversified is falsely reporting that $550.00 is the amount due on the debt.

31. The information reported by Diversified is false because it does not reflect payments on the debt that Mr. Winston made directly to AT&T.

32. Mr. Winston contacted Diversified directly about its failure to accurately report the amount due on AT&T debt.

33. Diversified refused to update any information to any consumer reporting agency

-4-

until the debt was paid in full.

34. Mr. Winston next made a complaint directly with the Better Business Bureau.

35. In response to this complaint, Diversified confirmed that it would not update the amount owed on the AT&T debt until the debt was paid in full.

36. Consequently, Diversified is or was reporting an amount due on the AT&T to one or more consumer reporting agencies that was false because the amount reported is or was greater than the amount that Mr. Winston actually owed on the debt.

## II. Facts Relating to LVNV Funding, LLC

37. Mr. Winston's January 13th Experian consumer credit report includes an item of negative credit information furnished by LVNV.

38. Mr. Winston's January 19th Trans Union consumer credit report also includes the same item of negative information furnished by LVNV.

39. Upon information and belief, LVNV's information concerned a debt originated by Plains Commerce Bank.

40. Mr. Winston may have had a credit card account with Plains Commerce Bank, which he used for personal, family, or household purposes, which makes the Plains Commerce Bank debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

41. Upon information and belief, $321.00 was the face amount due on the Plains Commerce debt when Plains Commerce charged it off.

42. Upon information and belief, LVNV purchased Mr. Winston's charged-off Plains Commerce debt on or about December 1, 2011, paying no more than 5% of the face amount of the Plains Commerce debt or no more than $17.00 for the debt.

43. Mr. Winston's January 13th consumer credit report revealed that LVNV was reporting that $373.00 was the current amount due on the debt.

44. So LVNV accrued $52.00 in interest or fees on the Plains Commerce debt after purchasing the debt.

45. Upon information and belief, LVNV has neither a contractual nor statutory right to accrue interest on the Plains Commerce debt.

### III. Facts Relating to Midland Funding, LLC

46. Mr. Winston's January 13th Experian consumer credit report includes two items of negative credit information furnished by Midland.

47. Mr. Winston's January 19th Trans Union consumer credit report also includes the same two items of negative information furnished by Midland.

48. The first Midland debt concerns a debt originated by Credit One Bank, N.A.

49. Mr. Winston recalls having a credit card account with Credit One Bank, N.A., which he used for personal, family, or household purposes, which makes the Credit One debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

50. Upon information and belief, $705.00 was the face amount due on the Credit One debt on the date that Credit One charged off the debt.

51. Upon information and belief, Midland acquired Mr. Winston's Credit One credit card debt on or about February 17, 2012.

52. Upon information, $705.00 was still the amount due on the debt on the Credit One debt on the date that Midland purchased Mr. Winston's Credit One credit card debt.

53. Upon information and belief, Midland paid no more than 5% of the face amount of the debt to purchase the debt or no more than $36.00.

54. As of December 17, 2013, Midland reported that $901.00 was the current amount due on the Credit One debt.

55. So Midland accrued $196.00 on the Credit One debt between the date of purchase on February 17, 2012 and the last update date of December 17, 2013.

56. There are 669 days between February 17, 2012 and December 17, 2013.

57. This means that Midland accrued interest on the Credit One debt at the rate of $0.29 per day ($196.00/669 days) or $106.94 per annum ($0.29 x 365 days).

58. Thus, Midland accrued interest on Mr. Winston's Credit One debt at a rate of 11.87% per annum ($106.94/$901.00).

59. The second Midland debt concerns a debt originated by Webbank.

60. Mr. Winston recalls having an account with Webbank, which he used for personal, family, or household purposes, which makes the Webbank debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

61. Upon information and belief, $520.00 was the face amount due on the Webbank debt on the date that Webbank charged off the debt.

62. Upon information and belief, Midland acquired Mr. Winston's Webbank debt on or about January 31, 2013.

63. Upon information, $520.00 was still the amount due on the debt on the Webbank debt on the date that Midland purchased Mr. Winston's Webbank credit card debt.

64. Upon information and belief, Midland paid no more than 5% of the face amount of the debt to purchase the debt or no more than $26.00.

65. As of December 17, 2013, Midland reported that $645.00 was the current amount due on the Webbank debt.

66. So Midland accrued $145.00 on the Webbank debt between the date of purchase on January 31, 2013 and the last update date of December 17, 2013.

67. There are 320 days between December 31, 2013 and December 17, 2013.

68. This means that Midland accrued interest on the Webbank debt at the rate of $0.45 per day ($145.00/320 days) or $165.39 per annum ($0.45 x 365 days).

69. Thus, Midland accrued interest on Mr. Winston's Webbank debt at the usurious and outrageous rate of 31.80% per annum ($165.39/$520.00).

70. Mr. Winston has repeatedly disputed the information reported by Midland and asked for validation and verification of both of these debts.

71. To date, Midland has neither validated nor verified either of these reported debts.

**IV.     Facts Relating to West Asset Management, Inc.**

72. Mr. Winston's January 13th Experian consumer credit report includes an item of negative credit information furnished by West Asset.

73. Mr. Winston's January 19th Trans Union consumer credit report also includes the same item of negative information furnished by West Asset.

74. West Asset's negative information concerns a debt Mr. Winston originally owed to Sprint in connection with telecommunication services.

75. Mr. Winston used his Sprint account for personal, family, or household purposes, which makes the Sprint debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

76. Upon information and belief, the credit information furnished by West Asset is false because West Asset neither owns nor has been assigned to collect the Sprint debt.

## Claims for Relief

**I.  Claims against Diversified Consultants, Inc.**

77. The foregoing acts and omissions of Diversified Consultants, Inc. constitute violations of the FDCPA, including, but not limited to:

    **a.** Violation of 15 U.S.C. §1692e(2)(A): Diversified falsely represented that Mr. Winston owed Diversified $550.00 in connection with his debt to AT&T, which is at least $175.00 more than he in fact owed on the AT&T debt;

    **b.** Violation of 15 U.S.C. § 1692e(8): Diversified reported credit information to consumer reporting agencies that Diversified knew or should have known was false, including reporting that Mr. Winston owed an amount on a debt that he did not in fact owe;

    **c.** Violation of 15 U.S.C. § 1692e(10): Diversified falsely and deceptively represented that Mr. Winston owed Diversified $550.00 in connection with his debt to AT&T, which is at least $175.00 more than he in fact owed on the AT&T debt; and

    **d.** Violation of 15 U.S.C. § 1692f(1): Diversified attempted to collect an amount from Mr. Winston in connection with the AT&T debt that he did not in fact owe.

**II.  Claims against LVNV Funding, LLC**

78. The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including, but not limited to:

    **a.** Violation of 15 U.S.C. §1692e(2)(A): LVNV falsely represented the amount Mr. Winston owed on the Plains Commerce Bank debt by adding interest or fees to the debt that LVNV had no legal right to collect from Mr. Winston;

    **b.** Violation of 15 U.S.C. §1692e(8): LVNV reported false credit information to one or more consumer reporting agencies concerning the Plains Commerce Bank debt by adding interest to the debt that LVNV knew or should have known that it had no legal right to collect from Mr. Winston;

    **c.** Violation of 15 U.S.C. §1692e(10): LVNV falsely represented the amount Mr. Winston owed on the Plains Commerce Bank debt by adding interest or fees to the debt that LVNV had no legal right to collect from Mr. Winston; and

      **d.**    Violation of 15 U.S.C. § 1692f(1): LVNV attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the Plains Commerce Bank debt that LVNV had neither a contractual nor statutory right to collect.

### III.   Claims against Midland Funding, LLC

79.    The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to:

      **a.**    Violation of 15 U.S.C. §1692e(2)(A): Midland falsely represented the amount Mr. Winston owed on the Credit One Bank and Webbank debts by adding interest or fees to the debts that Midland had no legal right to collect from Mr. Winston; and

      **b.**    Violation of 15 U.S.C. §1692e(8): Midland reported false credit information to one or more consumer reporting agencies concerning the Credit One Bank and Webbank debts by adding interest to the debts that Midland knew or should have known that it had no legal right to collect from Mr. Winston;

      **c.**    Violation of 15 U.S.C. §1692e(10): Midland falsely represented the amount Mr. Winston owed on the Credit One Bank and Webbank debts by adding interest or fees to the debts that Midland had no legal right to collect from Mr. Winston; and

      **d.**    Violation of 15 U.S.C. § 1692f(1): Midland attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the Credit One Bank and Webbank debts that Midland had neither a contractual nor statutory right to collect.

      **e.**    Violation of 15 U.S.C. § 1692g(b): Midland attempted to collect the Credit One Bank and Webbank debts from Mr. Winston after receiving debt validation letters from Mr. Winston and without first validating the debts.

### IV.   Claims against West Asset Management, Inc.

80.    The foregoing acts and omissions of West Asset Management, Inc. constitute violations of the FDCPA, including, but not limited to:

      **a.**    Violation of 15 U.S.C. §1692e and § 1692f: West Asset violated the FDCPA by attempting to collect a debt from Mr. Winston that he does not owe, by falsely representing the amount due a debt to one or more consumer reporting agencies, and by furnishing false credit information that it knew or should have known was false.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Steven Winston requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs; and

4. Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclc.com